Filed 5/1/25  P. v. Patrick CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

CURTIS HARVEY PATRICK,

    Defendant and Appellant.

E082388

(Super.Ct.No. 16CR030214)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Flavio Nominati, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.  INTRODUCTION

Defendant and appellant Curtis Harvey Patrick was convicted by a jury of multiple offenses involving acts of sexual abuse committed against A.H. over the course of approximately seven years while A.H. was a child.  He was sentenced to a determinate term of 12 years and an additional indeterminate term of 330 years to life in state prison.

On appeal, the only claim of error asserted by defendant is that the trial court abused its discretion by admitting testimony of an uncharged prior act of sexual abuse pursuant to Evidence Code section 1108.  We conclude that the record does not show an abuse of discretion warranting reversal and affirm the judgment.

# II.  BACKGROUND

## A.  *Facts and Charges*

A.H. is defendant's biological daughter.  In 2016, A.H. disclosed to a friend, a pastor's wife, and to A.H.'s mother that she had been sexually abused by defendant over the course of multiple years as a child.  As a result, defendant was charged with (1) one count of sexual intercourse with a child 10 years old or younger (count 1; Pen. Code[1] § 288.7, subd. (a)); (2) one count of continuous sexual abuse with substantial sexual conduct (count 2; §§ 288.5, subd. (a), 1203.66, subd. (b)); (3) one count of exhibiting child pornography (count 3; § 288.2, subd. (a)); and (4) four counts of committing a lewd or lascivious act on a child (counts 4-7; § 288, subd. (a)).  The prosecution also alleged that defendant suffered a qualifying prior conviction under the one-strike law (§ 667.61,

---

[1] Undesignated statutory references are to the Penal Code.

subds. (a), (d)), which also constituted a strike and serious prior felony (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).

B. *Relevant Evidence at Trial*

At the time of trial, A.H. was almost 23 years of age. She testified that defendant began grooming her when she was approximately six years of age. She testified extensively regarding numerous acts of sexual abuse committed by defendant until she turned approximately twelve years old.[2] According to A.H., the acts of abuse stopped after A.H. began attending church, learned that defendant's conduct was not normal, and confronted defendant about the abuse. A.H. eventually disclosed the abuse to a friend, to a pastor's wife, to her mother, and to law enforcement in 2016.

Two recorded telephone conversations between A.H. and defendant were played for the jury. In both conversations, A.H. confronted defendant about his purported past actions involving sexual conduct and, in response, defendant did not dispute A.H.'s accusations but instead made comments suggesting he knew he had committed acts that could result in his prosecution and incarceration.[3] A recorded interview between

---

[2] The acts of abuse included: (1) at least three occasions when defendant had A.H. touch his penis over his boxers; (2) regularly showing A.H. pornographic videos of infants and teenagers engaged in sexual acts; (3) engaging in sexual intercourse with A.H. on more than five occasions when she was between the ages of nine and 12 years old; and (4) forcing A.H. to orally copulate him on at least five occasions.

[3] As an example, A.H. told defendant that she disclosed "what happened . . . between us" and further stated, "But you . . . had sex with your own—it's just hard to live with." In response, defendant became upset and made multiple comments including: "Do you understand my life's in jeopardy totally right now?"; "any day now the police are comin' in my house . . . everything is ruined"; "I told you don't—if you said anything

*[footnote continued on next page]*

defendant and law enforcement was also played for the jury. During the interview, defendant admitted he had sexual intercourse with A.H. on at least three occasions; engaged in oral copulation with A.H.; and had shown A.H. pornographic materials.

Over defendant's objection, the trial court admitted evidence of a prior conviction that defendant suffered in 2001 for continuous sexual abuse of another minor. The prosecution presented a prior conviction packet and called a deputy district attorney to explain the general nature of the charges, defendant's plea, and his conviction for a violation of section 288.5, which involved continuous sexual abuse of a minor under the age of 14 years. The prosecution did not call any witness to testify regarding the specific factual details related to the prior conviction.

Defendant testified in his own defense. He admitted that he had previously been convicted for continuous sexual abuse of a minor. He further admitted showing A.H. pornographic videos but asserted that he did so to assure A.H. that sexual desires were not unnatural after he caught A.H. masturbating. Defendant also admitted to having sexual intercourse with A.H. on at least four occasions when A.H. was approximately 11 or 12 years old. However, defendant asserted that each of these occasions were consensual or instigated by A.H.

---

to anybody they're gonna go to the police . . . . I'm ruined." A.H. also told defendant: "I just want closure." In response, defendant stated: "Don't you know they can't keep that confidential anymore? They have to go to the police with that . . . . I told you don't—if you said anything to anybody they're going to go to the police . . . . I'm gonna be sittin' in jail. I'm gonna be killed in jail."

C. *Verdict and Sentence*

The trial court instructed the jury pursuant to CALCRIM No. 1191A, which permitted the jury to consider evidence of his prior conviction as propensity evidence related to the charged offenses. Additionally, the trial court instructed the jury pursuant to CALCRIM No. 1191B, which permitted the jury to consider any charged offense proved true beyond a reasonable doubt as propensity evidence to prove any of the other charged offenses. In closing argument, defendant conceded that his testimony at trial constituted an admission to the commission of counts 6 and 7. (§ 288, subd. (a).)

The jury found defendant guilty on all counts and also found true the special allegations regarding defendant's prior convictions. He was sentenced to a determinate term of 12 years and an additional indeterminate term of 330 years to life in state prison.[4] Defendant appeals from the judgment.

## III. DISCUSSION

A. *The Trial Court Did Not Err in Admitting Prior Acts Evidence*

The sole claim of error raised by defendant on appeal is that the trial court erred by permitting the prosecution to present evidence of his prior conviction for continuous

---

[4] Specifically, defendant was sentenced to a term of 12 years in state prison for exhibiting child pornography (count 3; § 288.2, subd. (a)), representing the upper term of 6 years, doubled to 12 years as a result of his prior strike conviction (§ 1170.12, subd. (a)-(d)). With respect to count 1 (§ 288.7, subd. (a)), count 2 (§§ 288.5, subd. (a), 1203.66, subd. (b)), and counts 5 through 8 (§ 288, subd. (a)), defendant was sentenced to an indeterminate term of 55 years to life in state prison on each count, representing 25 years to life (§ 667.61, subds. (a), (d)), doubled as the result of his prior strike conviction (§ 1170.12, subd. (a)-(d)), with an additional five years for his serious prior felony (§ 667, subd. (a)).

sexual abuse of a child. We find no abuse of discretion or prejudice warranting reversal.

1. General Legal Principles and Standard of Review

"Section 1101 of the Evidence Code limits the admissibility of so-called 'propensity' or 'disposition' evidence offered to prove a person's conduct on a particular occasion." (*People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 822-823 (*Michaud*).) Generally, evidence of a person's character, including evidence of specific instances of his or her conduct, is inadmissible when offered to prove his or her conduct on a specified occasion. (*Ibid.*; Evid. Code, § 1101, subd. (a).) However, evidence of a prior act may be admitted for the purpose of showing a defendant's propensity to commit a sexual offense. "[Evidence Code section 1108] provides that '[i]n a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to [Evidence Code] Section 352.' " (*Michaud*, at p. 823.) "[Evidence Code] [s]ection 352, in turn, sets out the general rule that '[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.' " (*Michaud*, at p. 823.)

"To determine whether section 1108 evidence is admissible, trial courts must engage in a 'careful weighing process' under section 352." (*Michaud*, *supra*, 4 Cal.5th at p. 823.) Relevant factors to consider include " 'its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing,

misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission . . . .' " (*Id.* at pp. 823-824.)

"A trial court's rulings admitting evidence under Evidence Code sections 1101 and 1108 are reviewed for abuse of discretion." (*Michaud*, *supra*, 4 Cal.5th at p. 824.) " 'Under the abuse of discretion standard, "a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." ' " (*People v. Lewis* (2009) 46 Cal.4th 1255, 1286.)

## 2. Application

Here, the parties do not dispute that defendant's current offense and his prior conviction are qualifying sex offenses as defined in section 1108. While there was minimal evidence regarding the nature of defendant's prior conviction,[5] the prosecution need not establish that a prior sex crime is factually similar in order to establish its probative value under section 1108. As our Supreme Court has explained: " 'In enacting Evidence Code section 1108, the Legislature decided evidence of uncharged sexual offenses is so uniquely probative in sex crimes prosecutions it is presumed admissible without regard to the limitations of Evidence Code section 1101.' . . . '[T]he charged

---

[5] The jury was informed only that official court records showed that in 2001, defendant was convicted of continuous sexual assault or abuse of a minor under the age of 14 years in violation of section 288.5.

7

and uncharged crimes need not be sufficiently similar that evidence of the latter would be admissible under Evidence Code section 1101. . . . It is enough the charged and uncharged offenses are sex offenses as defined in section 1108.' " (*People v. Loy* (2011) 52 Cal.4th 46, 63; see *People v. Cordova* (2015) 62 Cal.4th 104, 132-133 ["[Dissimilarity alone does not compel exclusion of [section 1108] evidence. . . . ' "It is enough the charged and uncharged offenses are sex offenses as defined in section 1108." ' "].) Thus, the question in this case turns on whether the risk of undue prejudice substantially outweighed its probative value.

In our view, the record does not suggest that evidence of defendant's prior conviction presented a significant risk that the evidence would unduly prejudice defendant, confuse the jury, or consume significant time such that it be excluded under Evidence Code section 352. The evidence of defendant's prior conviction was significantly less inflammatory than the charged offenses, as no factual details related to defendant's prior conviction were presented to the jury other than the fact that the victim was under the age of 14 years. (*People v. Falsetta* (1999) 21 Cal.4th 903, 924 [little risk of undue prejudice where prior crimes "were not inflammatory when compared to the charged offenses"]; *People v. Ewoldt* (1994) 7 Cal.4th 380, 408 [minimal prejudicial effect where "evidence was no more inflammatory than [victim's] testimony regarding the charged offenses"].)

Additionally, the evidence of defendant's prior conviction was relatively brief.[6]

---

[6] The direct testimony regarding defendant's prior conviction comprised less than 10 pages in the reporter's transcript.

8

(*People v. Mani* (2022) 74 Cal.App.5th 343, 371 [no undue consumption of time where testimony concerning prior acts was supplied by witnesses who also testified as to the charged offenses]; *People v. Brown* (2000) 77 Cal.App.4th 1324, 1338 [no risk of confusion where evidence of prior acts did not consume much time at trial].)  And any risk of prejudice was substantially mitigated by the fact that the evidence was presented in the form of a prior conviction.  (See *Cordova*, *supra*, 62 Cal.4th at p. 133 [Because the propensity evidence was in the form of a prior conviction, the defendant "bore no new duty to defend against the charges" and "the jury would not be tempted to convict defendant of the charged crime to punish him for the other ones."].)  Given this record, the trial court could reasonably conclude any risk of undue prejudice or confusion was minimal in this case and did not outweigh the probative value of the prior act evidence under Evidence Code section 352.  Where evidence of a prior uncharged sexual offense is not made inadmissible under Evidence Code section 352, such evidence is admissible as propensity evidence under Evidence Code section 1108.  As such, we find no abuse of discretion in the trial court's decision to admit evidence of defendant's prior conviction and no error warranting reversal.

Further, even if the admission of defendant's prior conviction had been erroneous, " 'the erroneous admission of prior misconduct evidence does not compel reversal unless a result more favorable to the defendant would have been reasonably probable if such evidence were excluded.' " (*People v. Walker* (2006) 139 Cal.App.4th 782, 808.)  As the People correctly point out, the trial court instructed the jury pursuant to CALCRIM No. 1191B, which permitted the jury to consider any charged offense proved true beyond a

9

reasonable doubt as propensity evidence to prove any of the other charged offenses. And during the course of trial, defendant admitted in his own testimony that he had engaged in sexual intercourse with A.H. on at least four occasions, and conceded that his testimony constituted an admission to the commission of counts 6 and 7. (§ 288, subd. (a).) Thus, the jury was already presented with undisputed propensity evidence of much greater weight, and we find no reasonable probability that defendant would have obtained a more favorable result had evidence of his 2001 conviction been excluded.[7]

Because we conclude the trial court did not err in admitting this evidence and that, even if the trial court had erred, any such error would have been harmless under the circumstances, defendant has not met his burden on appeal, and we affirm the judgment.

---

[7] Defendant also briefly argues that any error in admitting propensity evidence constitutes a violation of his due process rights under the United States Constitution. However, "the admission of evidence, even if erroneous under state law, results in a due process violation only if it makes the trial *fundamentally unfair*" and "[a]bsent fundamental unfairness, . . . [t]he reviewing court must ask whether it is reasonably probable the verdict would have been more favorable to the defendant absent the error." (*People v. Partida* (2005) 37 Cal.4th 428, 439.) Given the fact that there was already undisputed evidence upon which the jury could have relied to infer defendant had a propensity to commit the charged offenses, there would have been no fundamental unfairness in this case, even if the trial court had erred in admitting evidence of defendant's prior conviction.

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

MILLER
Acting P. J.

MENETREZ
J.